(22 Misc. Rep. 368.)

## TAYLOR v. WRIGHT.

(Supreme Court, Special Term, Albany County. January, 1898.)

TRESPASS—REMOVAL FROM JUSTICE COURT—COSTS.

> Under Code Civ. Proc. § 3235, providing that the successful party, in actions discontinued in justice court on a showing that the title to real property will be involved, and brought in upper court, shall be entitled to costs, except that, where judgment is entered for defendant on an issue of fact, plaintiff will be entitled to costs unless it is certified that title to real property came in question, where, in an action for trespass, after removal the complaint is dismissed on defendant's motion without the trial of an issue of fact, because plaintiff was out of possession at the time of the trespass, as defendant is entitled to his costs as a matter of course, to be taxed by the clerk, a motion at special term for leave to enter judgment against plaintiff to include his costs will be denied.

Action by Elizabeth C. Taylor against Charles Wright. Plaintiff's complaint was dismissed on defendant's motion. Defendant moves for judgment to include costs. Motion denied.

A. B. Coons, for plaintiff.

Wm. C. Lamont, for defendant.

CHESTER, J. This action was originally commenced in justice's court to recover damages for an alleged trespass. The defendant interposed a plea of title, whereupon the action was discontinued in the justice's court, and a new action for the same cause commenced in this court. The plaintiff alleged in her complaint that she was the owner and in possession of the lands upon which she claimed the trespass had been committed by the defendant. This was denied in the answer. Upon the trial the defendant drew out the fact upon the cross-examination of the plaintiff that she had leased the lands in question, and that at the time of the alleged trespass they were in possession of her tenant under such lease. This lease was put in evidence by the defendant before the plaintiff rested. At the close of plaintiff's case the defendant moved to dismiss the complaint on the ground that the proof showed that the plaintiff was not in possession of the premises at the time of the alleged trespass, and therefore could not maintain the action, and the motion was granted. Defendant's counsel then asked that defendant have judgment for costs in this court, and the justice stated that the question of costs should be hereafter determined by him pursuant to section 3235 of the Code of Civil Procedure. The defendant now makes this motion at special term for leave to enter judgment against the plaintiff which shall include his costs in the supreme court. The section of the Code of Civil Procedure above referred to provides that "where an action brought before a justice of the peace ＊ ＊ ＊ has been discontinued, as prescribed by law, upon the delivery of an answer, showing that title to real prop-

erty will come in question; and a new action, for the same cause, has been commenced in the proper court; the party in whose favor final judgment is rendered in the new action is entitled to costs; except that, where final judgment is rendered therein, in favor of the defendant, upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified that the title to real property came in question on the trial." The only significance of the statement made by the trial justice above mentioned, with reference to costs, was that, if the right to costs in the action depended upon the giving or withholding the certificate mentioned in the section, that question should be thereafter determined; for, if the right to costs did not depend on this, they were governed by law, and the court had nothing to do with the matter in the first instance. Code Civ. Proc. §§ 3228, 3229, 3235. The defendant has not moved for a certificate that the title to real estate came in question on the trial, and on the argument of this motion disclaimed any desire for such a certificate, but insisted that there had been no trial of an "issue of fact" within the meaning of that term as used in the exception contained in section 3235, and therefore that he is entitled to costs of course. If he is right in this position, this motion must fail; for the court has nothing to do with granting or withholding costs to which a party is entitled of course, under the law. The defendant's right to judgment dismissing the complaint is complete without the intervention of this motion, and if he is entitled to costs of course, as he claims, there remains simply the matter of taxation before the clerk. This being so, I should not assume to determine on this motion whether or not there has been a trial of an issue of fact. That question will more properly come up for decision on a motion of the aggrieved party for retaxation, if the clerk allows costs to which a party is not lawfully entitled.

The motion is denied, but, as the defendant may have been led into making it by the statement made by the court at the close of the trial, I think the denial should be without costs. Motion denied, without costs.